**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DWAYNE ANTHONY GLOVER, et al., | ) | Case No.: 1:18-cv-0853-DAD-JLT |
| Plaintiffs, | )<br>) | ORDER GRANTING PLAINTIFF'S MOTION<br>TO PROCEED IN FORMA PAUPERIS (Doc. 3) |
| v. | ) | |
| JAN BROWN, et al., | )<br>) | SCREENING ORDER DISMISSING PLAINTIFF'S<br>COMPLAINT WITH LEAVE TO AMEND |
| Defendants. | )<br>)<br>) | |

Dwayne Anthony Glover and Glover Transport, Inc. seeks to proceed *pro se* and *in forma pauperis* in this action, asserting the defendants are liable for violating the Americans with Disabilities Act and a breach of contract. (Docs. 1, 3) For the following reasons, the motion to proceed *in forma pauperis* is granted. However, as explained below, the facts alleged are not sufficient to support Plaintiffs' claims. Therefore, the complaint is dismissed with leave to amend.

**I.     Proceeding *in forma pauperis***

The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court reviewed the financial status affidavit filed by Mr. Glover (Doc. 3), and finds he satisfies the requirements of 28 U.S.C. § 1915(a). Therefore, the request to proceed *in forma pauperis* is **GRANTED**.

1

## II. Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted).  When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth.  *Id.*  The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.    Allegations

Plaintiffs allege that on February 1, 2018, Jan Brown, an employee of Pam Transport, Inc., "imposed [an] impermissible medical inquiry on both Plaintiffs."  (Doc. 1 at 5)  According to Plaintiffs, on February 5, 2018, the unidentified employee "refused to do a non-job related medical and psychological exam or bring defendant any past psych report."  (*Id.*)  Plaintiffs contend the defendants then "stopped Plaintiff's driver by placing a medical hold."  (*Id.*)

In addition, Plaintiffs assert that on February 7, 2018, defendant "Ron Griffin reneged on Plaintiff's [truck] lease, which put Plaintif (sic) out of business."  (Doc. 1 at 5)  Plaintiffs allege the truck "would have been bought in July 208 if not for defendants (sic) breach of contract."  (*Id.*)

Based upon these facts, Plaintiffs contend the defendants are liable for a violation of the Americans with Disabilities Act and breach of contract.  (Doc. 1 at 4, 6)  Mr. Glover filed a complaint with California's Department of Fair Employment and Housing and the Equal Employment Opportunity Commission.  (*See* Doc. 1 at 10)  He received a Notice of Right to Sue from the DFEH on March 30, 2018.  (*Id.*)

## V.    Discussion and Analysis

### A.    Status a Corporation as a Plaintiff

As an initial matter, the right to represent oneself does not extend to representation of others. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself").  Thus, "[a] corporation may appear in federal court only through licensed counsel." *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir.1993) (per curiam); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (acknowledging that courts have held that the rationale for the rule requiring that corporations appear in

federal court through an attorney "applies equally to all artificial entities"); Local Rule 183(a) ("[a] corporation or other entity may appear only by an attorney"). Consequently, Mr. Glover is unable to represent the claims of Glover Transport, Inc.

### B. Violation of the Americans with Disabilities Act

Pursuant to the ADA, "a covered entity shall not ... make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). This prohibition applies to all employees, regardless of whether they qualify as "disabled" under the ADA. *See Indergard v. Georgia-Pacific Corp.*, 582 F.3d 1049, 1052-53 (9th Cir. 2009); *Fredenburg v. Contra Costa County Dep't of Health Servs.*, 172 F.3d 1176, 1182-83 (9th Cir. 1999). However, "[a] covered entity may make inquiries into the ability of an employee to perform job-related functions." *Id.*, § 12112(d)(4)(B). Medical inquiries are job-related and consistent with business necessity when an employer has good cause to determine whether an employee is capable of performing his job-related functions. *See Yin v. State of California*, 95 F.3d 864, 868 (9th Cir. 1996).

There are insufficient facts alleged in the complaint for the Court to determine whether any of the defendants made an inquiry that violates the provisions of the ADA. Although Plaintiffs allege the inquiry was "impermissible," this is a legal conclusion, rather than a *fact*. Plaintiffs have not alleged what inquiry was made, or to whom it was directed. Without such facts, the Court is unable to determine whether Mr. Glover suffered a violation of the ADA or whether it was a different employee of Glover Transport, Inc. Accordingly, the claim for a violation of the ADA is not cognizable.

### C. Breach of Contract

A claim for breach of contract arises under state law, and a plaintiff must allege (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendants, and (4) resulting damages. *Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 316 Fed. App'x 661, 662 (9th Cir. 2009) (citation omitted); *see also Haberbush v. Clark Oil Trading Co.*, 33 Fed. App'x 896, 898 (9th Cir. 2002) (identifying "agreement, consideration, performance by plaintiff, breach by defendant, and damages" as elements to a breach of contract).

Plaintiffs contend there has been a breach of contract related to a leased truck, but fail to identify the parties to the contract or the terms of the contract. In addition, Plaintiffs fail to assert they performed all obligations as required under the alleged contract. Consequently, the facts alleged are insufficient to support a claim for breach of contract by any of the defendants.

**VI.    Conclusion and Order**

For the reasons set forth above, the Court is unable to find the complaint states a cognizable claim. In addition, the corporation may not proceed without representation by an attorney. However, it is possible the factual deficiencies of the complaint as to Mr. Glover individually, may be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *see also Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile). Therefore, Mr. Glover will be given an opportunity to amend the pleading as to his personal claims—and not as to those belonging to the corporation—and set forth facts sufficient to support the claims presented.

Mr. Glover is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Once an amended complaint is filed, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Finally, Mr. Glover is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, the Court **ORDERS**:

1. Mr. Glover's motion to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;
2. The Complaint is **DISMISSED** with leave to amend; and
3. Within thirty days from the date of service of this order, Mr. Glover **SHALL** file a First Amended Complaint as to his own, personal claims;

4. Within thirty days from the date of service of this order, the corporation **SHALL** file a First Amended Complaint but it may proceed only through a complaint filed by a lawyer.

**<u>If the plaintiffs fail to comply with this order to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order</u>**.

IT IS SO ORDERED.

    Dated:   **June 29, 2018**           **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE