# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE ANTHONY GLOVER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JAN BROWN, et al., <br><br> Defendants. | Case No.: 1:18-cv-0853 -DAD-JLT <br><br> ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFFS' FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE |

Dwayne Anthony Glover and Glover Transport, Inc. asserting the defendants are liable for violating the Americans with Disabilities Act and a breach of contract. (Doc. 1) On July 7, 2018, the Court determined the facts alleged were not sufficient to support Plaintiffs' claim for relief. In addition, the Court noted the corporation could not proceed without representation by an attorney.

Because it was possible the factual deficiencies of claims brought by Mr. Glover individually could be cured by amendment, the Court dismissed the complaint with leave to amend on July 2, 2018. (Doc. 4 at 5) Mr. Glover was directed to file a First Amended Complaint as to his own personal claims within thirty days. (*Id.*) In addition, the Court ordered the corporation to "file a First Amended Complaint," again noting "it may proceed only through a complaint filed by a lawyer." (*Id.* at 6) To date, the parties have not filed an amended complaint or taken any other action to prosecute this matter.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiffs are **ORDERED** to show cause **no later than August 22, 2018** why the action should not be dismissed for the failure comply with the Court's order and failure to prosecute, or in the alternative, to file an amended complaint.

IT IS SO ORDERED.

Dated: **August 8, 2018**   /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE